IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON L. EALY, JR., | : | CIVIL NO. 3:13-CV-2782 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MR. SULLEN, CAPTAIN OF | : | |
| SECURITY, *et al.*, | : | |
| | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Vernon L. Ealy ("Ealy"), an inmate formerly incarcerated at the Franklin County Jail, filed this civil rights action on November 14, 2013 (Doc. 1), naming as defendants the following: Daniel S. Keen ("Keen"), Warden; James Sullen ("Sullen"), Captain of Security; Russell R. Rouzer ("Rouzer"), Deputy Warden of Security; Prison Medical Provider; Suzanne Murphy ("Murphy"), Registered Nurse; Crystal Shindledecker ("Shindledecker") Licensed Practitioner Nurse; Jessica Sterner-Lensbower ("Sterner-Lensbower"), Director of Treatment; and, Michelle Weller ("Weller"), Deputy Warden of Treatment.  Presently ripe for disposition are defendants' motions (Docs. 19, 20) to dismiss Ealy's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the motion (Doc. 19) filed on behalf of defendants Keen, Sullen, Rouzer, Sterner-Lensbower, and Weller will be granted.  The motion (Doc. 20) filed on behalf of Prison Medical Provider, Murphy and Shindledecker will be granted in part and denied in part.

I. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated;

well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

Ealy alleges that in April 2013, he was transferred to the Franklin County Jail and was seen by defendant Shindledecker during medical intake. (Doc. 1, ¶ 13). He provided her with his medical history and informed her that he was "transferred early" to allow for treatment for "liver disease Hep. C." (Id.) He also informed her that he had boots with custom made medical inserts to alleviate foot pain that stems from "his extreme flat-footedness." (Id. at ¶¶ 13, 28). Allegedly, he "was told to leave [his] boots with [his] medical inserts and was given slippers. [He] was told by the C.O's that [he] will be able to get them back upon approval from medical." (Id.)

On April 20, 2013, and April 28, 2013, he submitted two sick call requests complaining of severe foot pain because he did not have his "medical shoes." (Id. at ¶ 14).

He also complained about pain in the area of his liver and stomach. (Id.). He alleges he was being "neglected" because he was not seen and, when he inquired why he was not being seen, a nurse, who was visiting the area where his cell was located, informed him that he was on the waiting list. (Id.)

He alleges that in June 2013, he experienced severe stomach and abdominal pain while in his cell and, despite phone calls from Corrections Officer Knouse seeking medical care on Ealy's behalf, defendant Murphy failed to respond. (Doc. 1, ¶ 21). Eventually, Murphy allegedly admitted to Corrections Officer Knouse that she forgot about Ealy because there was a lot of people in intake that she had to admit. (Id.) Ealy filed a grievance concerning the denial of medical treatment for his liver condition and the failure to provide him with his medical footwear. (Id. at ¶ 21). He alleges that defendant Murphy untruthfully responded to the grievance when she represented that he had refused appointments and blood work. (Id.)

Efforts to obtain his boots and medical inserts continued through June and July. He alleges that the delay in receiving the boots and medical inserts was solely due to security concerns. (Id. at ¶¶ 15-19). In July, Ealy's request for the boots with medical inserts was denied by defendant Sullen because the boots were not authorized for the facility. (Doc. 1, ¶¶ 15-19). Ealy sent an inmate request slip to defendant Keen, who affirmed the position of defendant Sullen. (Id. at ¶ 19). "At some point after July Medical bought [him] medical inserts with nothing to place them in." (Id.) His request for high top sneakers or some other

4

alternative footwear that could accommodate the medical inserts and provide him with some relief from his "special foot condition" was denied by defendant Sullen and the medical staff. (Id. at ¶¶ 19-20).

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Ealy alleges that defendants violated his Eighth Amendment right to medical care. There is no doubt that the Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103–105 (1976). In order to set forth a

cognizable claim, plaintiff must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). The "deliberate indifference" prong requires that the defendant actually know of and disregard "an excessive risk to inmate health and safety." Farmer, 511 U.S. at 837. Circumstantial evidence can demonstrate subjective knowledge if it shows that the excessive risk was so obvious the official must have known about it. Beers–Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference where the prison official knew of a prisoner's need for medical treatment and intentionally refused to provide it, delayed necessary medical treatment for a non-medical reason, or prevented a prisoner from receiving needed or recommended medical treatment. Rouse, 182 F.3d at 197.

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." Id. In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. When a plaintiff merely

hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Keen's involvement is limited to his failure to satisfactorily respond to Ealy's request slips. To the extent that he notified him of the alleged denial of medical care—*via* complaints or inmate requests forms—and he failed to take action, his claim fails. A state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to, a prisoner's complaint or grievance, does not establish that the officials and administrators were involved in the underlying unconstitutional conduct. See Rode, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (same); see also Croom v. Wagner, 2006 U.S. Dist. LEXIS 64915, *4 (E.D. Pa. Sept. 11, 2006) (same); Ramos v. Pennsylvania Dept. of Corr., 2006 U.S. Dist. LEXIS 51582, *2 (M.D. Pa. July 27, 2006) (same). Hence, the claim against Kane, which solely arises out of his failure to satisfactorily resolve Ealy's complaint, will be dismissed given Keen's lack of personal involvement in the alleged denial of Ealy's Eighth Amendment rights.

With respect to defendants Sterner-Lensbower, Weller, Sullen and Rouzer, it has clearly been held that a prison official cannot be considered deliberately

indifferent simply because he or she failed to respond to medical complaints of a prisoner who is being treated by medical personnel. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.1993). Ealy seeks to impose Eighth Amendment liability on Sterner-Lensbower and Weller not because they had any direct involvement in the alleged denial of medical treatment but, rather, because "they failed to act on disciplining the Medical staff to provide plaintiff with treatment for his liver disease." (Doc. 1, ¶ 25). Likewise, Sullen and Rouzer did not have any direct involvement in the alleged denial of medical treatment. Instead, their role was limited to evaluating Ealy's boots in the context of institutional security and fielding Ealy's challenges to their determination that his boots raised security concerns. There is no question that Ealy was under the care of medical personnel. While he takes issue with the quality of care he received, he clearly acknowledges he was under treatment. Accordingly, under Durmer, the Eighth Amendment claim against defendants Sterner-Lensbower, Weller, Sullen and Rouzer fails as a matter of law.

In turning to defendant Shindledecker, it is clear from the complaint that Shindledecker's involvement was limited to conducting Ealy's medical intake interview when he first arrived at the jail. According to the allegations of the complaint, the intake interview simply involved Ealy providing Shindledecker with his medical history. Such allegations are clearly insufficient to state an Eighth Amendment deliberate indifference to medical care claim.

Conversely, Ealy alleges that "defendants [Nurse] Murphy and Medical provider[1] violated plaintiff's rights in failing to treat his liver disease and foot pain when requested under 8th Amendment, right to medical care." (Doc. 1, ¶ 33(3)). He alleges that "[t]he actions of defendants Private medical providers and Murphy in failing to provide plaintiff with medical shoes and inserts for his extreme flat-footedness is in violation of the 8th Amendment, to provide with the proper medical care. By the Defendants Private medical provider and Murphy in failing to provide Plaintiff Ealy with medication to treat his liver disease is in violation of the 8th Amendment rights to medical care." (Doc. 1, ¶¶ 28-29). Ealy's allegations that these defendants denied or delayed access to medical treatment by failing to see him and treat his liver disease and address his foot condition are sufficient to state an Eighth Amendment inadequate medical care claim. Rouse, 182 F.3d at 197 (citing Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993); Monmouth Cnty. Corr. Institutional Inmates, 834 F.2d at 346–47). Consequently, the motion will be denied as to these defendants and the complaint will go forward.

IV. **Conclusion**

For all the reasons set forth above, the motion (Doc. 19) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Keen, Sullen,

---

[1]Ealy describes the prison medical provider as the contract doctor-physician at the Franklin County Jail who allegedly denied him medical treatment. (Doc. 1, ¶ 11). The court therefore declines defendants' invitation to treat the claim as a Monell v. New York Dep't of Soc. Servs., 436 U.S. 658 (1978) claim. (Doc. 22, pp. 4-5).

9

Rouzer, Sterner-Lensbower, and Weller will be granted. The motion (Doc. 20) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Prison Medical Provider, Murphy and Shindledecker will be granted in part and denied in part.[2]

An appropriate order will issue.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

Dated:     March 16, 2015

---

[2] Because Ealy is unable to cure the deficiencies of the complaint with respect to the allegations lodged against defendants Keen, Sullen, Rouzer, Sterner-Lensbower, Weller and Shindledecker, affording him an opportunity to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002) (finding that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility).