# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON L. EALY, JR.,** | : | **CIVIL NO. 3:13-CV-2782** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **MR. SULLEN, CAPTAIN OF SECURITY,** *et al.*, | : | |
| | : | |
| | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Vernon L. Ealy, Jr. ("Ealy" or "plaintiff"), an inmate formerly incarcerated at the Franklin County Jail, filed this civil rights action on November 14, 2013. (Doc. 1). The only remaining defendants are Prison Medical Provider and Suzanne Murphy.[1] Ealy alleges that "defendants [Nurse] Murphy and Medical provider[2] violated [his] rights in failing to treat his liver disease and foot pain when requested under 8th Amendment, right to medical care." (Doc. 1, ¶ 33(3)). "The actions of defendants Private medical providers and Murphy in failing to provide plaintiff with medical shoes and inserts for his extreme flat-footedness is in violation of the 8th Amendment, to provide with the proper medical care. By the Defendants Private medical provider and Murphy in failing to provide Plaintiff Ealy with medication to

---

[1] The claims against all other defendants, Keen, Sullen, Rouzer, Sterner-Lensbower, Weller and Shidledecker, were dismissed on March 16, 2015. (Docs 26, 27).

[2] Ealy describes the prison medical provider as the contract doctor-physician at the Franklin County Jail who allegedly denied him medical treatment. (Doc. 1, ¶ 11).

treat his liver disease is in violation of the 8th Amendment rights to medical care." (Doc. 1, ¶¶ 28-29).

Presently pending is defendants' motion (Doc. 33) for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the motion will be deemed unopposed and granted.

## I.   **Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "'The non-moving party may not simply sit back and rest on the allegations in the complaint; instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial.' Celotex [ ], 477 U.S. [ ] 324 [ ] (1986) (internal quotations omitted)." Schiazza v. Zoning Hearing Bd., Fairview Twp., York County, Pa, 168 F. Supp. 2d 361, 365 (M.D. Pa. 2001). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only

if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

## II.     **Statement of Material Facts**

"A motion for summary judgment filed pursuant to FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." See L.R. 56.1.  Defendants filed a timely statement of material facts on August 10, 2015.  (Doc. 34).  Thereafter, it is incumbent on the opposing party to file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried.  Id.   Significantly, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  Id.  Because Ealy failed to file the required statement, an Order (Doc. 38) entered on February 11, 2016, affording him until February 25, 2016, to file a responsive statement of material facts.  He was cautioned that his failure to file a statement would result in the facts set forth in defendants' statement being deemed admitted.  (Id.)  He failed to oppose defendant's statement of material facts; all facts contained therein are deemed admitted.

Ealy was incarcerated at the Franklin County Jail from April 3, 2013, through March 2014.  (Doc. 34, ¶¶ 10, 103).  At his Intake Screening on April 3, 2013, and on his "Receiving Screening/Health Assessment" form, he reported suffering from liver disease and right foot complications.  (Id. at 10, 11).  In an April 5, 2013 Sick Call Request, he complained that his side was painful due to liver disease, that his feet hurt, and that he needed his "foot inserts."  (Id. at 12).  The following day a Licensed Practical Nurse ("LPN")

3

evaluated him and found him to have full range of motion. (Id. at 13). The LPN also discussed the likely causes of his symptoms and proper body mechanics. (Id. at 14). On April 11, 2013, Ealy reported to a physician's assistant that prior to his incarceration, he was seen at the Newark Medical Center for his alleged liver condition and underwent a recent biopsy and lab testing and that he was expected to begin interferon therapy prior to becoming incarcerated. (Id. at 15) Plaintiff also requested his boots and orthotics, which were being held by the prison, for his flat feet. (Id. at 16).

### A. Liver Condition

His liver condition was the subject of numerous sick call requests and grievances. (Id. at 12, 18, 22, 23, 26, 29, 31, 34, 35, 37, 41, 46, 52, 59, 61-63, 69, 82, 92, 95, 97). Every sick call request was responded to by medical personnel, including defendants Murphy and the prison physician, and each of his grievances was addressed. (Id. at 13-15, 21, 23, 25, 27-28, 36-37, 39, 56-57, 60, 63, 71, 94, 96). Lab tests, blood work requesting a comprehensive metabolic panel and complete blood count, and liver function tests were requested and performed at various intervals; EALY consistently received treatment and was on a ninety day chronic care regimen for his liver. (Id. at 21, 39, 40, 57, 60, 69, 71, 80-81, 84, 91).

At times, Ealy was noncompliant with medical care and refused testing and treatment related to his liver condition. (Id. at 19, 21, 25, 37, 83).

**B.    Foot issues**

During his incarceration at Franklin County Jail, medical personnel, including defendants Murphy and the prison physician, responded to numerous sick call requests and grievances concerning Ealy's foot issues, addressed and approved the use of orthotics on numerous occasions, and treated a myriad of issues relating to Ealy's feet and ankles. (Id. at 17, 18, 20, 22, 30, 33, 38 42-45, 47-56, 58, 60, 64-68, 70, 72-79, 85-88, 93, 99-102).

**III.   Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Ealy alleges that defendants violated his Eighth Amendment right to medical care. There is no doubt that the Eighth Amendment proscription against cruel and unusual

punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103–105 (1976). In order to set forth a cognizable claim, plaintiff must allege a serious medical need and acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has found deliberate indifference where the prison official knew of a prisoner's need for medical treatment and intentionally refused to provide it, delayed necessary medical treatment for a non-medical reason, or prevented a prisoner from receiving needed or recommended medical treatment. Rouse, 182 F.3d at 197. For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer, 511 U.S. at 837). Deliberate indifference has been found where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." Rouse, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment."

Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).  Allegations of negligent treatment or medical malpractice do not trigger constitutional protections.  Estelle, 429 U.S. at 105–06.

It is well-settled that no claim of deliberate indifference is made out where a significant level of care has been provided, and all that is shown is that the prisoner disagrees with the professional judgment of a physician, or that a different physician has, in the past, taken a different approach to the prisoner's treatment.  Estelle, 429 U.S. at 105–06, 107 (finding that "in the medical context, . . . a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); Parham v. Johnson, 126 F.3d 454, 458 n. 7 (3d Cir. 1997) (recognizing "well-established law in this and virtually every circuit that actions characterizable as medical malpractice do not rise to the level of 'deliberate indifference' "); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (same); United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n. 2 (3d Cir.1979) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976)) (stating that " '[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law'."  See also Taylor v. Norris, 36 F. App'x. 228, 229 (8th Cir. 2002) (finding that deliberate indifference claim failed because it involved a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); AbdulWadood v. Nathan, 91 F.3d 1023, 1024–35 (7th Cir. 1996) (holding that an inmate's

disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); Sherrer v. Stephen, 50 F.3d 496, 497 (8th Cir. 1994) (concluding that inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); Czajka v. Caspari, 995 F.2d 870, 871 (8th Cir. 1993) (inmate's mere disagreement with doctor's informed decision to delay surgery does not establish Eighth Amendment claim).

Viewing the evidence in the light most favorable to Ealy, defendants have met their burden of showing the absence of a genuine issue as to any material fact on the issue of deliberate indifference to Ealy's serious medical needs.  The record is devoid of any facts that would indicate that defendants delayed or denied medical treatment.  Rather, the record clearly demonstrates that Ealy was consistently provided prompt and adequate treatment throughout the whole of his stay at the Franklin County Jail. This is clearly a case where an inmate has received a significant amount of medical care and simply disagrees with the expediency and course of medical treatment.

The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  Ealy has wholly failed to oppose the motion.  See Celotex, 477 U.S. at 323.  Consequently, defendants are entitled to an entry of summary judgment.

**D.    Conclusion**

Based on the foregoing, defendants' motion (Doc. 33) for summary judgment will be deemed unopposed and granted.

An appropriate order will enter.

                        **BY THE COURT:**

                        **s/James M. Munley**
                        **JUDGE JAMES M. MUNLEY**
                        **United States District Court**

Dated:   March 21, 2016